**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**NATHAN MANN,**

      **Plaintiff,**

                                                    **Civil Action 2:15-cv-1724**

      **v.**                                       **Judge Michael H. Watson**

                                                    **Magistrate Judge Elizabeth P. Deavers**

**DR. RICHARD COSTIN,** *et al.,*

      **Defendants.**


## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Nathan Mann, an Ohio resident who is proceeding without the assistance of counsel, brings this state-law, medical malpractice action against Dr. Richard Costin, Dr.'s West Hospital, and Dr. Elliott P. Feldman (collectively "Defendants").  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction.

**I.**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted.  Thus, a typical initial screen involves consideration of the merits of the claims asserted.  In this case, however, upon review of Plaintiff's Complaint, the Undersigned determines it is unnecessary to consider the merits of the state-law tort claims he advances because this Court lacks subject matter jurisdiction to hear those claims.  When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

**II.**

According to the Complaint, Plaintiff presented to Dr. Feldman with complaints of clotting in his groin area.  Upon referral to Dr. Costin at Doctor's West Hospital, Plaintiff was diagnosed with a double hernia and advised to undergo surgery.  Plaintiff appears to allege that Dr. Costin improperly performed a double hernia surgery that was unsuccessful.  He alleges that as a result, he continues to suffer from serious pain.

None of Plaintiff's allegations provide a basis for a claim over which this Court has jurisdiction.  The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under"

2

the federal laws or the United States Constitution.  *Id*. (citation omitted).  For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's state-law medical malpractice claims do not satisfy § 1331 because they do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights.  Nor do the remaining state-law claims satisfy § 1332(a) given that he advances them against Ohio citizens.  Because these claims provide no basis for federal jurisdiction, it is **RECOMMENDED** that the Court **DISMISS** these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing in state court.

## III.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing the state-law claims in state court.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

     **IT IS SO ORDERED.**


Date:  May 11, 2015                                           /s/ *Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                       United States Magistrate Judge